IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

Willie Joe Williams, #104652,    )
                        )    Civil Action No.  6:05-1072-DCN-WMC
            Plaintiff,   )
                        )    **REPORT OF MAGISTRATE JUDGE**
      vs.                )
                        )
Hugh Butler, Geddes Anderson,   )
and James T.  Coursey,        )
                        )
          Defendants.   )
_____)

        The plaintiff, a former state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983.  This matter is before the court on the motions for summary judgment filed by the plaintiff and the defendants.

        Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

        The plaintiff filed his complaint on April 15, 2005.  On June 28, 2005, the plaintiff moved for summary judgment on his claims against defendant Geddes Anderson. On July 19, 2005, defendant Anderson filed a motion for judgment on the pleadings or, in the alternative, for summary judgment.  By order filed on July 19, 2005, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On August 15, 2005, defendants Hugh Butler and James T. Coursey filed a motion for summary judgment.  By order filed on August 17, 2005, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the dismissal procedure and the

possible consequences if he failed to adequately respond to the motion. The plaintiff filed a response to the defendants' motions on September 8, 2005.

## FACTS PRESENTED

In 1981, the plaintiff was indicted for burglary, armed robbery, and assault and battery of a high and aggravated nature. At trial, he was represented by defendant Anderson of the Public Defender's office. A jury in Greenwood County found the plaintiff guilty, and he was sentenced to life in prison on the burglary charge, 25 years for the armed robbery charge, and 10 years for the assault and battery of a high and aggravated nature charge. In 1992, the plaintiff was granted a new trial in a post-conviction relief petition, and, according to the plaintiff, all charges were later dropped (pl. comp. at 3; def. Butler and Coursey m.s.j. at 1).

In his complaint, the plaintiff alleges that defendant Coursey, who was a captain with the Greenwood City Police Department in 1981, questioned him with regard to the above-referenced charges and repeatedly demanded that he confess to several crimes that were several years old. He further alleges that defendant Coursey placed a Bowie knife on his desk in a threatening manner during the questioning. The plaintiff also complains that defendant Coursey testified against him at trial (comp. at 3-4). Defendant Coursey submitted an affidavit stating that he does not remember having a conversation with the plaintiff in 1981 regarding his charges, that he has never threatened an individual in order to get a confession, and at no point in his lifetime has he owned a Bowie knife (Coursey aff. ¶¶ 1-4).

On March 9, 2005, Detective Jeremiah Atkins put out a dispatch to patrolling officers because Willie Joe Williams, whose alias is "Smoke," a person wanted for questioning regarding several auto break-ins, was spotted in the vicinity of Mason's Car Wash. According to the description, the suspect was wearing all black and riding a black

2

bicycle.  Captain Hugh Butler of the Greenwood City Police Department was in the vicinity and observed a black male dressed in black and riding a black bicycle.  He honked his horn at the suspect, got out of the car, and asked the suspect his name.  The individual responded that he was William Butler.  Master Patrolman Tony Gary reached the location and identified the suspect as an individual known as "Smoke."  Master Patrolman Tammy Chapman then arrived and identified the suspect as Willie Joe Williams, the plaintiff in this case.  He was placed under arrest for giving a false name to the police and was transported to the police department.  Captain Butler testified that he did not hit the plaintiff's bicycle with his car.  Master Patrolman Gary testified that he transferred the bicycle to the City Hall, and there was no damage to it (Butler aff. ¶¶ 1-6; Gary aff. ¶¶ 1-5).

The plaintiff alleges in his complaint that Captain Butler bumped his bicycle's back tire.  He further claims that Captain Butler did not turn on his siren and lights, but instead blew "that car horn like a mad man" (comp. at 5).  He seeks damages for pain and suffering and seeks to have the defendants suspended from their jobs pending a federal investigation.  He also seeks to have criminal charges brought against the defendants (comp. at 6).

## APPLICABLE LAW

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is

3

entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248. Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must provide existence of every element essential to his action which he bears the burden of adducing at a trial on the merits.

4

## **ANALYSIS**

Defendant Anderson moved for judgment on the pleadings or, in the alternative, for summary judgment, arguing that he was not acting under "color of state law" within the meaning of Section 1983 during the plaintiff's jury trial, and thus the court lacks jurisdiction; the complaint fails to state a cause of action; the complaint is barred by the statute of limitations; and he has immunity from personal liability. Prior to the filing of defendant Anderson's motion for summary judgment, the plaintiff moved for summary judgment as to his claims against defendant Anderson. However, in response to Anderson's motion, the plaintiff filed a response admitting that he has failed to state a cause of action against Anderson and seeking to dismiss Anderson as a defendant (pl. mem. in support of *pro se* rebuttal at 2-3). Based upon the foregoing, defendant Anderson's motion should be granted, and the plaintiff's motion should be denied.

Defendant Coursey argues that the statute of limitations has expired as to the claims brought against him for the incident alleged to have taken place in 1981. This court agrees. Because Section 1983 does not explicitly provide its own statute of limitations, the court is to look to the personal injury statute of limitations from the relevant state, because Section 1983 claims are best characterized as personal injury actions. *Owens v. Okure*, 488 U.S. 235, 240-41(1989) (citing *Wilson v. Garcia*, 471 U.S. 261, 280 (1985)). Although the limitation period is borrowed from state law, the question of when a cause of action accrues under Section 1983 remains one of federal law. *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951, 955 (4th Cir. 1995) (citing *Cox v. Stanton*, 529 F.2d 47, 50 (4th Cir. 1975)).

The South Carolina statute of limitations for personal injuries is three years. *See* S.C. Code Ann. §15-3-530(5). It has been over 24 years since the plaintiff's trial in which Coursey testified. It has also been over 24 years since the interview during which the plaintiff alleges Coursey threatened him. Further, even if the statute of limitations was tolled

5

until post-conviction relief was afforded to the plaintiff, 13 years have elapsed since that time. Accordingly, the plaintiff's claims against defendant Coursey are clearly barred by the applicable statute of limitations and should be dismissed.

With regard to the plaintiff's complaints against Captain Butler for the events on March 9, 2005, the plaintiff has not alleged the violation of any specific constitutional right. He alleges generally "false imprisonment/police brutality/false arrest" (comp. at 2). The plaintiff alleges that Captain Butler: (1) did not turn on his siren or blue lights, but instead blew his horn at the plaintiff "like a mad man"; and (2) bumped the back tire of the plaintiff's bicycle. The evidence submitted by the defendants shows that Captain Butler was acting on a dispatch and that he had reasonable suspicion to stop the plaintiff and ascertain his identity. During the stop, the plaintiff was not placed in handcuffs or searched, but when asked his name, the plaintiff replied "William Butler." When the other officers identified the plaintiff as "Willie Williams," he was placed under arrest for giving a false name to police. Captain Butler clearly had probable cause for this arrest. The plaintiff's claims of false imprisonment, police brutality, false arrest are utterly insupportable. The plaintiff has failed to show a violation of any constitutional right, and summary judgment is appropriate.

Furthermore, Captain Butler is entitled to qualified immunity from any liability in his individual capacity. Qualified immunity protects government officials performing discretionary functions from civil damage suits as long as the conduct in question does not "violate clearly established rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). This qualified immunity is lost if an official violates a constitutional or statutory right of the plaintiff that was clearly established at the time of the alleged violation so that an objectively reasonable official in the defendants' position would have known of it. *Id.*

In addressing qualified immunity, the United States Supreme Court has held that "a court must first determine whether the plaintiff has alleged the deprivation of an

6

actual constitutional right at all and, if so, proceed to determine whether that right was clearly established at the time of the alleged violation." *Wilson v. Layne*, 526 U.S. 603, 609 (1999); *see also Suarez Corp. Indus. v. McGraw*, 202 F.3d 676, 685 (4th Cir. 2000). Further, the Supreme Court held that "[d]eciding the constitutional question before addressing the qualified immunity question also promotes clarity in the legal standards for official conduct, to the benefit of both the officers and the general public." *Wilson*, 526 U.S. at 609. If the court first determines that no right has been violated, the inquiry ends there "because government officials cannot have known of a right that does not exist." *Porterfield v. Lott*, 156 F.3d 563, 567 (4th Cir. 1998). In this case, as set forth above, the plaintiff has failed to demonstrate that defendant Butler violated any of his constitutional rights.

To the extent that the plaintiff's complaint can be perceived to state additional claims under state law, the court should decline to exercise supplemental jurisdiction over the claims as it is recommended that summary judgment be granted on the plaintiff's federal claims. *See* 28 U.S.C. §1367(c).

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, it is recommended that the defendants' motions for summary judgment be granted and the plaintiff's motion for summary judgment be denied.

s/William M. Catoe
United States Magistrate Judge

December 6, 2005

Greenville, South Carolina

7